**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

DARRELL GERARD WALLACE PLAINTIFF

v. 4:26-cv-00212-DPM-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration, DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D. P. Marshall Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Darrell Wallace, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers Mr. Wallace could perform despite his impairments. (Tr. 14-27.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff was fifty-two years old at the time of the administrative hearing. (Tr. 36.) He is a college graduate and served in the military as a medic. (Tr. 36, 56.) He is currently receiving VA disability[1] and has no past relevant work. (Tr. 39, 25.)

The ALJ[2] first found Mr. Wallace met the insured status requirements of the Social Security Act and has not engaged in substantial gainful activity since his alleged onset date of December

---

[1] Disability ratings from other agencies are not binding on the Commissioner. 20 C.F.R. §§ 404.1504, 404.1513(a)(2), 404.1520c.

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

31, 2024. (Tr. 16.) He has "severe" impairments in the form of osteoarthritis of bilateral knees; degenerative joint disease of the left shoulder; posttraumatic stress disorder; major depressive disorder; and anxiety disorder. (Tr. 16.) The ALJ further found Mr. Wallace did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] (Tr. 18-20.)

The ALJ determined Mr. Wallace had the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 20.) Because Plaintiff had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 60-63.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of cleaner, machine operator, and hand packer - despite his limitations. (Tr. 26.) Accordingly, the ALJ determined Mr. Wallace was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 6-10.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

In support of his Complaint, Plaintiff argues the ALJ incorrectly evaluated his subjective symptoms. (Doc. No. 6 at 6-14.) He says:

> In this case, Plaintiff testified that his mental impairments make him anxious to be around other people. (Tr. 38.) He is unable to sit for long periods due to his prostate condition. (Id.) He has arthritis pain in both of his knees. (Tr. 38-39.) He also has lower back pain. (Tr. 40.) He stopped working as a result of his mental health symptoms and because of an incident involving a conflict with his neighbor and the police. (Tr. 43-45.) He has difficulty concentrating. (Tr. 47.) He could sit for 30 minutes and stand for 30 minutes at a time before needing to change positions. (Tr. 51.) While he can do household chores, he must pace himself. (Id.) He has left shoulder pain; he also wears braces on his knees. (Tr. 57.) He is able to be around small groups of people who are known to him. (Tr. 58.) He is uncomfortable being in enclosed spaces. (Tr. 59.)

[3] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

> In his 2024 Function Report, Plaintiff noted his mental impairments make interacting with coworkers difficult and result in deficits in his ability to concentrate on specific tasks and manage stress. (Tr. 199.) He has to be cautious when bathing and dressing to avoid aggravating his knee injury or falling. (Tr. 200.) He shaved his head to avoid having to go out to barber shops. (Id.) The leasing office sends others to do household repairs, and he has a friend whom he pays to take care of the yard work. (Tr. 201.) He goes shopping only when it is absolutely necessary. (Tr. 202.) He avoids going out and typically watches church services on television. (Tr. 203.) He has had problems getting along with his neighbors and does not handle negative social interactions well. (Id.) He becomes frustrated with instructions when they are not clear. (Tr. 204.) He takes anxiety medication at times because of his limited ability to manage stress. (Tr. 205.)

(*Id.*at 6-7.)

Plaintiff argues, "These statements, if properly credited, support limitations that would substantially erode the occupational base and potentially preclude sustained competitive employment." (*Id.* at 7.) He believes the ALJ's failures here, "resulted in a RFC determination that was not based on substantial evidence in the record as a whole." (*Id.* at 14.)

The ALJ analyzed Mr. Wallace's symptoms considering Social Security Ruling 16-3p. (Tr. 20-25.) That ruling fairly tracks the seminal case on this issue, *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints

> solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Mr. Wallace's subjective complaints. In doing so, the ALJ concluded:

> The claimant testified that he has not been unable to work because of mental and physical impairments. The claimant testified to the following: He stopped working because of his PTSD and major depressive disorder. He reported feeling anxious. He had difficulty concentrating on tasks. He had difficulty being around people. He does not like to be in a closed or confined area. He suffered from prostatitis which prevent [*sic*] him from sitting for prolonged periods. He suffered from arthritis in bilateral knee. He had Veteran's Administration (VA) benefit with 90 percent unavailability. He had left shoulder pain with numbness. He had difficulty standing and walking. He could stand 30 minutes and sit 30 minutes each at a time. He reported wearing knee braces (see hearing testimony).
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 26-27.)

Plaintiff clearly suffers from some degree of limitation and has some serious health issues. Plaintiff's counsel makes compelling arguments, and I am sympathetic to these claims. However, the objective medical records simply fail to support a claim of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Here, the ALJ properly evaluated Plaintiff's subjective complaints against his daily activities. In doing so, the ALJ could correctly conclude:

> The claimant testified that he lives alone and owns a home. He can perform a household chore (cooking meals, doing dishes, cleaning, etc.), but he performs the chores at his own pace (see hearing testimony). He receives about $4400 per month (see hearing testimony), which shows that he has the mental abilities to manage such significant income and make the appropriate decisions. He reported taking care of his service dog and performing chores, including mowing, doing some repair, and preparing meals (Exhibit B7E). He can go out alone, drives a car, shops in stores, and handle his money (Exhibit B7E). Such activities are indicative of the claimant's good focus and concentration in performance of unskilled work. He reported spending time with others in person, on the phone, by video chat, and texting (Exhibit B7E). The fact that the claimant owns a house and bought a new home recently further shows that the claimant has the cognitive abilities to manage his property and makes decisions on complex issues. The fact that the claimant is able to live independently and manage his home shows that he has the physical abilities to perform at least light unskilled work. The clamant also reported having a friend who would occasionally help him (Exhibit B7E). The fact that the claimant goes out daily, shops in stores, and spends time with others show that he has the ability to be around people at least occasionally. The fact that the claimant exhibited no behavioral problems during clinic visits further show that his social interaction limitations are not as severe as he alleged. The fact that the claimant is able to perform household chores, such as mowing, doing house repair, driving a car, cooking, cleaning, shopping, etc.) shows that he has the ability to perform light tasks and reach in all directions without limitations except occasional overhead. Such daily activities are not consistent with the physical, concentration, cognitive, and social interaction limitations the claimant alleged.

(Tr. 21.)

The ALJ also relied on Plaintiff's medical examinations in assessing his subjective symptoms. As the Commissioner accurately argues, "the ALJ noted that mental health treatment notes "consistently documented benign mental status exams, effectiveness of medications, and absence of adverse effects of psychiatric medications," including that Plaintiff was fully oriented with normal thought processes, his medications were effective, he was sleeping well, and he reported exercising at home and having okay energy (Tr. 21-22)." (Doc. No. 10 at 6.) So, after careful review, I find no reversible error.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination in this case.

Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments – including the ALJ failed to build a logical bridge between the evidence and the RFC - that I have carefully considered and find to be without merit. The RFC assessment by Janet Cathey, M.D. (Tr. 80-81) - that the ALJ found to be generally persuasive - and the ALJ assessing a more restrictive RFC than did David Voss, Ph.D., and Kelly Abesie, Ph.D., provide substantial support for the ALJ's RFC determination.

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. I am highly persuaded by the Commissioner's reliance on *Ross v. O'Malley*, 92 F.4th 775, 779 (8th Cir. 2024).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372

F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 4th day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE